IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE PETREL,<br><br>       Plaintiff,<br><br>v.<br><br>SABER HEALTHCARE HOLDINGS, LLC (D/B/A SABER HEALTHCARE GROUP, LLC),<br><br>       Defendant. | Civil Action No. 2:24-cv-00765<br><br>*ELECTRONICALLY FILED* |

## NOTICE OF REMOVAL

To: The Honorable Judges of the United States District Court
for the Western District of Pennsylvania

Defendant Saber Healthcare Holdings, LLC (d/b/a Saber Healthcare Group, LLC), in accordance with the applicable Federal Rules of Civil Procedure and Title 28 of the United States Code §§ 1331, 1367, 1441, and 1446, files this Notice of Removal and removes the action entitled "Jamie Petrel v. Saber Healthcare Holdings, LLC (d/b/a Saber Healthcare Group, LLC)" that was originally filed in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, to the United States District Court for the Western District of Pennsylvania. Removal of this action is based upon the following:

## BACKGROUND

1. Plaintiff Jamie Petrel instituted this action in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania by filing a Complaint on April 2, 2024. A copy of the Complaint filed by Plaintiff in the state-court action is attached as Exhibit A.

2. Defendant accepted service of the Complaint on April 23, 2024. A copy of the Acceptance of Service is attached as Exhibit B.

3.     Defendant has not, to date, filed an answer or other pleading in the Court of Common Pleas of Allegheny County.

## VENUE

4.     The Court of Common Pleas of Allegheny County, where Plaintiff's Complaint was filed, is within this Court's District. This action is therefore properly removable to this Court under 28 U.S.C. § 1446(a).

## REMOVAL IS PROPER
## BASED ON FEDERAL-QUESTION JURISDICTION

5.     This action is within the original jurisdiction of this Court under 28 U.S.C. § 1331 because Plaintiff's civil action arises under federal law. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (A "suit arises under the law that creates the cause of action.") (internal citations omitted).

6.     Whether an action "arises under" federal law is governed by the well-pleaded complaint rule. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

7.     The complaint must be examined as it existed at the time of removal to determine whether it states a federal claim. *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939).

8.     "In short, 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Goldman v. Citigroup Global Mkts., Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

9. To the extent one or more of a plaintiff's causes of action are not independently removable based on federal question jurisdiction, federal courts may exercise supplemental jurisdiction over these claims because they arise from the "same case or controversy" or "common nucleus of operative fact" as the other causes of action. 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

10. In her Complaint, Plaintiff asserts the following causes of action against Defendant:

    a.    <u>Count I</u>: religious discrimination under Title VII of the Civil Rights Act of 1964;

    b.    <u>Count II</u>: retaliation under Title VII of the Civil Rights Act of 1964; and

    c.    <u>Count III</u>: discrimination under the Pennsylvania Human Relations Act.

11. Plaintiff's causes of action arising under Title VII provide this Court with federal question jurisdiction over the matter.

12. Additionally, as pleaded, all of Plaintiff's claims derive from a "common nucleus of operative fact" related to her employment with Defendant. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997).

13. Plaintiff's claims depend on the same alleged termination thus she "would ordinarily be expected to try them all in one judicial proceeding." *Gibbs*, 383 U.S. at 725.

14. For these reasons, Plaintiff's federal and state law claims form part of the same case or controversy so that this Court may exercise pendent jurisdiction over Plaintiff's supplemental claims under Pennsylvania law. 28 U.S.C. §§ 1367(a), 1441(c).

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

15. Notice of Removal is timely filed under 28 U.S.C. § 1446(b), in that Defendant has removed within at least 30 days of Defendant's receipt of the Complaint through service.

16. Copies of all process, pleadings, orders, and other papers or exhibits of every kind currently on file in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, are attached to this Notice of Removal as Exhibit C, in accordance with 28 U.S.C. § 1446(a).

17. Upon filing this Notice of Removal, Defendant will provide a written notification to Plaintiff and will file a Notice of Filing of Notice of Removal with the clerk of the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit D (without exhibits).

18. Defendant files this Notice without waiving any defenses to the claims asserted by Plaintiff, including Plaintiff's binding arbitration agreement, without conceding that Plaintiff has stated claims upon which relief can be granted, and without conceding that Plaintiff is entitled to any damages against Defendant in any amount.

WHEREFORE, Defendant requests that the United States District Court for the Western District of Pennsylvania accept the removal of this action from the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania and direct that the Court of Common Pleas have no further jurisdiction over this matter.

Date: May 23, 2024                               Respectfully submitted,

                                                JACKSON LEWIS P.C.

                                                */s/ Laura C. Bunting*
                                                Laura C. Bunting, Esq.
                                                PA ID No. 307274
                                                Laura.Bunting@jacksonlewis.com
                                                Jessica K. Albert, Esq.
                                                PA ID No. 309666
                                                Jessica.Albert@jacksonlewis.com
                                                1001 Liberty Avenue, Suite 1000
                                                Pittsburgh, PA 15222
                                                (412) 338-5147
                                                (412) 232-3441 *Facsimile*

                                                *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2024 I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/ECF system, and have provided a courtesy copy to Plaintiff's counsel of record at the following address, via mail and electronic mail:

David M. Kobylinski, Esq.
Peter T. Kobylinski, Esq.
PRAETORIAN LAW GROUP, LLC
515 Court Place, Ste 4
Pittsburgh, PA 15219
dave@koby.law
pete@koby.law

*/s/ Laura C. Bunting*
Laura C. Bunting, Esq.