# EXHIBIT A

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **Jamie Petrel** <br> 667 Cedar Grove Road <br> Burgettstown, Pa 15021 <br><br> Plaintiff, <br><br> v. <br><br> **Saber Healthcare Holdings, LLC (d/b/a** <br> **Saber Healthcare Group, LLC )** <br> 23700 COMMERCE PARK <br> BEACHWOOD OH 44122 <br><br> Defendant. | ) <br> ) CIVIL DIVISION <br> ) <br> ) Docket #: GD-24- <br> ) <br> ) <br> ) **COMPLAINT IN CIVIL ACTION** <br> ) <br> ) <br> ) <br> ) Filed on behalf of: Plaintiff. <br> ) <br> ) COUNSEL OF RECORD FOR THIS <br> ) PARTY: <br> ) <br> ) David M. Kobylinski, Esquire <br> ) Pa. ID No.: 92233 <br> ) <br> ) Peter T. Kobylinski, Esquire <br> ) Pa. ID No.: 309832 |

PRAETORIAN LAW GROUP, LLC
304 Ross Street, Suite 510
Pittsburgh, PA 15219
(412) 281-6600

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Jamie Petrel**                 ) | |
|                         ) | CIVIL DIVISION |
|       Plaintiff,            ) | |
|                         ) | Docket #: GD-24- |
|          v.                ) | |
|                         ) | |
| **Saber Healthcare Holdings, LLC (d/b/a**   ) | **JURY TRIAL DEMANDED** |
| **Saber Healthcare Group, LLC )**       ) | |
|                         ) | |
|       Defendant.         ) | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| **Jamie Petrel** | ) | |
| | ) | CIVIL DIVISION |
| Plaintiff, | ) | |
| | ) | Docket #:  GD-24 |
| v. | ) | |
| | ) | |
| **Saber Healthcare Holdings, LLC (d/b/a** | ) | **JURY TRIAL DEMANDED** |
| **Saber Healthcare Group, LLC )** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

AND NOW comes plaintiff Jamie Petrel, through counsel, who avers as follows:

### THE PARTIES

1.      Plaintiff Jamie Petrel is an adult individual and resides at 667 Cedar Grove Road, Burgettstown, PA 15021.

2.      Defendant Saber Healthcare Holdings, LLC (d/b/a Saber Healthcare Group, LLC) is a limited liability company established in Ohio and conducts its general business operations at 23700 Commerce Park, Beachwood, OH 44122.

3.      Pursuant to Pa. R.C.P. 1006 & 2179, venue is appropriate in Allegheny County because Defendant conducts business herein on a regular and continuing basis.

### ADMINISTRATIVE PREREQUISITES

4.      Plaintiff timely filed a Complaint with the Pennsylvania Human Relations Commission (hereinafter "PHRC"), alleging unlawful discrimination on account of her religion and retaliation. Plaintiff dual filed her Complaint of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

5.      On or around December 5, 2023, the PHRC denied Plaintiff's request for a preliminary hearing, thereby entering a final decision as to her discrimination claim.

6.      Subsequent to receiving the PHRC closure letter, Plaintiff also received a Right to Sue letter from the EEOC and this action was commenced within the 90-day deadline set forth by that letter.

## STATEMENT OF THE FACTS

7.      Plaintiff identifies as a Christian woman with strongly held religious beliefs.

8.      On or around April 2021, Plaintiff obtained employment with Saber Healthcare as a physical therapist.

9.      At all times relevant to this time, Plaintiff was fully capable and able to perform the duties of her employment.

10.     Due to Plaintiff's sincerely held religious beliefs, Plaintiff strongly opposed receiving the COVID-19 vaccine from any manufacture.

11.     Plaintiff's religious beliefs required her to refuse any aid or use of any medicine or treatment that was researched or resulted from the usage of fetal stem-cells.

12.     Plaintiff opposed receiving the COVID-19 vaccine as research indicated that all of the vaccines were potentially the result of and/or product of fetal stem-cells research or usage.

13.     In addition, Plaintiff's sincerely held religious beliefs prohibited her from injecting anything into her body that contains toxic substances and involves the destruction of innocent human life.

14.     On or around November 5, 2021, Plaintiff's employer notified her that she was required to provide a proof of COVID-19 vaccination to remain employed by Saber Healthcare by December 5, 2021.

15.     On November 23, 2021, Plaintiff requested a religious exemption based upon her sincerely held religious beliefs.

16.     On or around November 24, 2021, Saber Healthcare denied Plaintiff requested religious exemption.

17.     Subsequent to this denial, Plaintiff in an effort to appeal the decision, resubmitted an additional request for a religious exemption on November 29, 2021.

18.     This request was ignored by Saber Healthcare, and Plaintiff never received a response concerning this requested accommodation.

19.     On or around January 25, 2022, Plaintiff was informed by Saber Healthcare that she either had to be vaccinated or she would be terminated by February 27, 2022.

20.     On or around February 25, 2022, Saber Healthcare terminated her employment as she continued to practice her religion by not receiving the COVID-19 vaccine.

21.     Plaintiff believes and therefore avers that Defendant discriminated against her on the basis of her religion, Christianity.

22.     Plaintiff believes and therefore avers that Saber Healthcare failed to provide proper and due consideration to her religious exemption.

23.     Upon information and belief, Plaintiff avers that other employees who were not members of her protected class/religion were not similarly disciplined by Saber Healthcare.

24.      Plaintiff believes and therefore avers that her termination was in retaliation for asserting her religious beliefs and requesting a religious exemption.

25.     Therefore, Plaintiff believes and therefore avers she was discriminated against, and retaliated against on the basis of her religion.

## INJURIES AND DAMAGES

26.     As a direct and proximate result of Saber Healthcare's discriminatory practices and termination, Plaintiff suffered from the following injuries and damages:

a. Plaintiff lost income, employment benefits and her financial security;

b. Plaintiff suffered damage to her reputation;

c. Plaintiff developed, suffered and continues to suffer from embarrassment, shame and emotional distress;

d. Plaintiff suffered and continues to suffer from a diminution in enjoyment of her life;

e. Plaintiff's ability to earn wages has been diminished and continues to be diminished; and

f. Attorneys' fees and costs

## COUNT I - DISCRIMINATION UNDER TITLE VII FOR RELIGION

27.    The prior paragraphs of this Complaint are incorporated herein by reference.

28.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.,* as amended by the Civil Rights Act of 1991, ("Title VII"), makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of her religion.

29.    Defendant discriminated against Plaintiff, because of her religion (Christianity), and such conduct is a violation of Title VII.

30.    The discriminatory conduct was sufficiently severe and pervasive that it altered the conditions of Plaintiff's employment, affected the terms and conditions thereof, in violation of Title VII.

31.    Plaintiff suffered intentional discrimination because of her religion.

32.    Based on the foregoing, Defendant has discriminated against Plaintiff on the basis of her religion in violation of Title VII.

33.    As a direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

34.     Because the discriminatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $50,000 exclusive of interests and costs and other damages as listed:

a)      The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964 as amended.

b)      The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of religion.

c)      The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d)      The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e)      The award of any pre-judgment interest on any back pay.

f)      The award of compensatory damages.

g)      The award of punitive damages.

h)      The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT II - RETALIATION UNDER TITLE VII FOR RELIGION

35.     The prior paragraphs of this Complaint are incorporated herein by reference.

36.     Plaintiff engaged in a protected activity of reporting and opposing religious discrimination.

37.     Under Title VII at 42 U.S.C. §2000e-3, it is unlawful for an employer to retaliate against an employee who has opposed an unlawful employment practice or because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under that subchapter.

38.     Defendant retaliated against Plaintiff because She exercised her right to exercise her religion under the law by making internal complaints, recommending legal counsel and opposing disparate and discriminatory treatment.  Such retaliatory conduct is a violation of said anti retaliatory provisions of Title VII.

39.     Said retaliation included affecting Plaintiff's ability to perform her assigned tasks by unwarranted harassment and religious discrimination and discharge.

40.     Plaintiff suffered intentional discrimination and retaliation because of her membership in a protected group.

41.     As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

42.     Because the retaliatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights the Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $50,000 exclusive of interests and costs and other damages as listed:

a)    The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964 as amended.

b)    The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of religion.

c)    The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d)    The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e)    The award of any pre-judgment interest on any back pay.

f)    The award of compensatory damages.

g)    The award of punitive damages.

h)    The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT III – DISCRIMINATION UNDER PHRA

43.    The prior paragraphs of this Complaint are incorporated herein by reference.

44.    At all times material to this complaint, Plaintiff was an "employee" of Defendant as that term is defined in the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §954.

45.    At all time material to this complaint Defendant was an "employer" of Plaintiff as that term is defined in the PHRA 43 P.S. §954.

46.     The acts of Defendant constitute "unlawful discriminatory practices" under 43

P.S. §955 against Plaintiff because of her religion.

47.     As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to

damages as set forth in the above paragraphs.

**WHEREFORE**, Plaintiff requests the following:

a.      The entry of a declaratory judgment finding that the acts complained of
        herein are unlawful and violate the PHRA as amended.

b.      The entry of a permanent injunction enjoining defendants from engaging
        in each of the unlawful acts, practices, policies, customs, and usages set
        forth herein, and from continuing any and all other practices shown to be
        in violation of applicable law so that the Defendants no longer
        discriminate on the basis of race, religion or color.

c.      The award of compensation of Plaintiff for all earnings and other benefits
        including retirement benefits which Plaintiff would have received but for
        the discriminatory acts of Defendant as well as the foreclosure of
        promotional opportunities.

d.      The award of any pre-judgment interest on any back pay.

e.      The award of compensatory damages.

f.      The award of costs and disbursements of this action including reasonable
        attorney's fees and expert fees.

g.      The award of such other relief as may be just and proper.

**COUNT IV – TORTIOUS INTERFERENCE WITH BODILY INTEGRITY**

48.     The prior paragraphs of this Complaint are incorporated herein by reference.

49.     Article 1 of the Pennsylvania Constitution encompasses powerful protections for

individual decisional autonomy and bodily integrity, which are rights that plaintiff is entitled.

50.     In addition, Plaintiff is entitled to make her own medically informed decisions

without interference or threat of reprisal.

51.     Defendant intentionally, recklessly, carelessly and/or negligently acted with an intent to interfere and/or deny plaintiff her right to her decisional autonomy and bodily integrity.

52.     Defendant lacked any privilege or justification as to the basis for its actions.

53.     As a result of defendant's conduct, plaintiff suffered damages.

**WHEREFORE**, plaintiff requests judgment in her favor and against defendant in an amount in excess of $50,000.00 exclusive of interest or costs in an amount to be determined by the jury.

**JURY TRIAL IS DEMANDED AS TO ALL COUNTS**

Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**

___/s/ Peter T. Kobylinski_____
Peter T. Kobylinski, Esquire
PA ID No.: 309832
515 Court Place, Ste 4
Pittsburgh, PA 15219

*Attorneys for Plaintiff*

Dated: April 2, 2024